IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBBIN MINICA. | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 20-444 |
| SIGNIFY NORTH AMERICA CORPORATION., | § § § | |
| Defendants. | § § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

For her Original Complaint against Defendant Signify North America Corporation (hereinafter "Signify"), Plaintiff Robbin Minica shows the following:

### Introduction

1. This is an action for unpaid overtime compensation under the Fair Labor Standards Act (FLSA). Plaintiff Robbin Minica is a current employee (Component Planning—Operational Buyer) of Defendant Signify North America Corporation. At all times relevant to this lawsuit, Plaintiff has been misclassified as an exempt employee paid on a salary basis. Because Plaintiff did not qualify for an exemption from the overtime provisions of the FLSA, and because Plaintiff worked in excess of 40 hours in many workweeks over the last three years, Plaintiff is owed overtime compensation as well as attendant liquidated damages.

## Parties

2.      Plaintiff Robbin Minica is an individual residing in New Braunfels, Texas 78132. Her current address is 1625 Misty Hollow, New Braunfels, Texas. She may be served with papers through the undersigned counsel.

3.      Defendant Signify North America Corporation is a corporation organized under the laws of the State of New Jersey. It is registered to do business in the State of Texas. According to the Texas Secretary of State, Defendant's principal place of business is located at 200 Franklin Square Dr. Somerset, New Jersey 08873. It may be served with process through its Registered Agent, Corporation Service Company dba CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas.

## Jurisdiction and Venue

4.      The Court possesses personal jurisdiction over Defendant because Defendant is licensed to do business in Texas and because the Defendant regularly conducts business in Texas. The Court possesses subject matter jurisdiction over this case because Plaintiff sues under a federal statute, the Fair Labor Standards Act. Venue is proper in the Western District of Texas because a substantial portion of the events giving rise to Plaintiff's claims occurred in the Western District. In this regard, at all times relevant to this lawsuit, Plaintiff worked for Defendant within the Western District.

## Statement of Facts

5.      Defendant provides lighting products across many sectors and industries in North America. Plaintiff has been employed by Signify North American Corp. and its predecessors in interest, Philips Lighting North America Corp. and Genlyte Thomas Group, L.L.C., since 2002 in the outdoor lighting division (currently known as Signify Gardco). Plaintiff worked out of

Defendant's San Marcos, Texas plant, and most recently, has been teleworking from her home in New Braunfels, Texas.

6. Over the last three years, Plaintiff has had three different job titles—Factory Order Desk Lead, then Customer Order Specialist, and as of last month, Component Planning—Operational Buyer. However, during all times relevant to this lawsuit, Plaintiff's job duties have, with just a few insignificant exceptions, remained largely the same. They include: checking the accuracy of lighting pole orders, creating purchase orders and sending them to pole vendors, assigning ship dates to purchase orders, closing out purchase orders once she receives tracking information from vendors, approving vendor invoices (but only to ensure that they match the corresponding purchase orders), answering email inquiries regarding pole orders, and third-party drop ship products.

7. During all times relevant to this lawsuit, Plaintiff has not supervised two or more employees, has not had authority to hire or fire (or make effective recommendations to hire and fire), and she does not exercise discretion and independent judgment with respect to any matters of significance.

8. Plaintiff regularly works in excess of forty hours per week in her job with Defendant's management is well aware that Plaintiff works long hours.

9. Nevertheless, Defendant has at all times relevant to this lawsuit classified Plaintiff as an exempt salary employee paid on a salary basis. Plaintiff has not been compensated the overtime premium for hours worked over 40 in any workweek over the last three years.

### Causes of Action: Violations of the Overtime Provisions of the FLSA

10. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through __ supra.

11. At all times relevant to this lawsuit, Defendant has been an employer within the meaning of the Fair Labor Standards Act, has engaged in interstate commerce, and has had gross annual sales in excess of $500,000.00.

12. At all times relevant to this lawsuit, Plaintiff has been an employee of Defendant. Plaintiff has likewise directly engaged in interstate commerce while performing her work on behalf of Defendant by taking and facilitating interstate orders.

13. Although Defendant has classified Plaintiff as exempt, has paid her on a salary basis, and has not been paid an overtime premium in workweeks when she has worked in excess of 40 hours. However, Plaintiff contends in this lawsuit that she has been misclassified as exempt, and that at all times relevant to this lawsuit, there has been no basis for Defendants to classify Plaintiff as exempt under the FLSA. Plaintiff further contends that she has worked in excess of forty hours in many workweeks over the last three years, and that she is owed the FLSA-mandated overtime premium for all hours worked over 40 in any workweek. Plaintiff also contends that she is owed an equal amount in liquidated damages because Defendant cannot establish a "good faith" defense under 29 U.S.C Section 260. Finally, Plaintiff contends that she is entitled to invoke the FLSA's three-year statute of limitations because Defendant's violations of the FLSA with respect to Plaintiff were willful.

## Jury Trial

14. Plaintiff demands a trial by jury.

## Conclusion and Prayer

11. Plaintiff prays that, upon final judgment, she be awarded the following:

a.  Unpaid overtime compensation;

b.  Liquidated damages;

c.  Attorney fees;

d.  Costs of court; and

e.  All other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ MICHAEL V. GALO, JR.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
ROBBIN MINICA